NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0438n.06

No. 10-4016

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 24, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| SERGE ROLAN AKO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

Before:     KEITH, MARTIN, and BOGGS, Circuit Judges.

**PER CURIAM.**   Serge Rolan Ako ("Ako") seeks review of an order by the Board of Immigration Appeals ("BIA" or "the Board") finding him removable under 8 U.S.C. § 1227(a)(1)(A).   The BIA affirmed an Immigration Judge's ("IJ") order that found Ako to be removable under § 1227(a)(1)(A), for engaging in a sham marriage to adjust his immigration status, and § 1227(a)(1)(B), for overstaying his visa.   Because Ako did not appeal the IJ's order regarding the overstay, and because Ako concedes that he is removable on those grounds, we DISMISS his petition for review as moot.

**I.  BACKGROUND**

Ako is a native and citizen of the Ivory Coast, who was admitted to the United States on a B-2 visitor's visa on August 17, 1995.  That visa authorized him to stay in the country until February 16, 1996.  (AR 963, 975-76.)  It is undisputed that Ako remained in the country beyond the period authorized by his visa.  (AR 220-21.)  On March 9, 1998, Ako filed an I-130 petition to apply for

adjustment of status on the basis of what he claims was a good-faith marriage to Ms. Terrence Joseph, a United States citizen. (AR 1026-29.) Immigration officials conducted an investigation of the marriage, and Joseph eventually wrote a letter withdrawing her sponsorship of Ako's application. Shortly thereafter, Joseph had the marriage annulled by a Michigan court. Following all of this, on February 22, 2002, the Department of Homeland Security issued a Notice to Appear, thus initiating removal proceedings against Ako. (AR 64.) (The Notice was later amended on August 6, 2003.) Ako was charged with being removable under 8 U.S.C. § 1227(a)(1)(A) for attempting to adjust his status based on a sham marriage to Joseph, and § 1227(a)(1)(B) for overstaying his B-2 visa. (AR 220-21.)

Ako's removal proceedings began and an immigration judge eventually heard live testimony from several witnesses, including Ako, on November 26, 2007, and February 25, 2008. During his testimony, Ako conceded his removability for overstaying his B-2 visa. On October 29, 2008, the IJ issued an oral decision finding that Ako was removable on two separate grounds: (1) under § 1227(a)(1)(A) for having attempted to adjust his status through a sham marriage; and (2) under § 1227(a)(1)(B) for overstaying his visa. Having conceded removability for overstaying his visa, Ako appealed only the former ruling regarding the sham marriage to the BIA. The BIA upheld the IJ in an order dated July 26, 2010. (AR 5.)

Meanwhile, while his removal proceedings were pending, Ako married Ms. Ayana Rhodes, who is also a United States citizen. Rhodes filed an I-130 petition on Ako's behalf on September 21, 2006, seeking to adjust his status on the basis of their marriage. (AR 868.) That petition initially was approved, but then was reopened and subsequently denied on July 21, 2008, on the ground that

Ako had previously sought to adjust his status based on a sham marriage. (AR 704-09, 712-717.)

Ako has appealed that decision to the BIA, and that appeal appears to be pending before the Board.

(AR 724.)

## II. DISCUSSION

We must consider whether Ako's petition for review is moot in light of his concession that

he is removable based on overstaying his original visa. If his petition is moot, we need not address

the sham marriage issue at this time. The Government argues that Ako's petition is moot because

there is already a final, valid, unchallenged order of Ako's removal based on the overstay. Ako

argues that there is no final order of removal in this case based on the overstay because the BIA order

has replaced the underlying order from the IJ, and that even if there were, we should consider and

address his arguments related to the sham marriage issue because of the collateral consequences.

We agree with the Government that Ako's petition is moot.

In immigration cases, an order of removal entered by an IJ "becomes final upon waiver of

appeal [to the BIA] or upon expiration of the time to appeal if no appeal is taken." 8 C.F.R.

§ 1003.39; *see also* 8 C.F.R. § 1240.14; *Yuen Jin v. Mukasey*, 538 F.3d 143, 149 (2d Cir. 2008). The

regulation establishing the procedure for immigration appeals requires that an appealing party

"identify the reasons for the appeal" in the Notice of Appeal by "specifically identify[ing] the

findings of fact, the conclusions of law, or both, that are being challenged." 8 C.F.R. § 1003.3(b).

In conducting its review on appeal, the BIA is only required to address the issues raised before it,

*see Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003), and a party's failure to state the reasons for

an appeal may result in the Board's dismissal of the appeal, *see* 8 C.F.R. § 1240.15. The upshot is

that an IJ's removal order on an issue becomes final when a party either fails to appeal it or does not identify that issue in a Notice of Appeal to the BIA.

This simple rule is somewhat complicated in the context of this case, where the IJ held that Ako was removable on two separate and distinct grounds, only one of which was appealed. Nevertheless, applying that rule to this case shows that there is a final, valid order of removal based on Ako's having overstayed his visa. Ako's original and amended Notice to Appear listed multiple allegations, including that he had overstayed his visa. (AR 64.) And Ako conceded removability under § 1227(a)(1)(B) for the overstay before the IJ, (AR 204, 220-21), and again before the BIA on appeal, (AR 13; Pet. Br. 5). Despite making this concession, Ako argues that we should act as if the BIA's sham marriage ruling is the only relevant ruling in this case based on our practice of treating the BIA's decision as the final agency determination when it does not summarily affirm or adopt the IJ's reasoning, which was the case here. In essence, Ako argues that because the BIA only decided his appeal on the basis of the sham marriage (i.e., the only issue before it), the IJ's holding below regarding his overstay was effectively vacated. This argument is unavailing, and would produce anomalous results. Nothing in the regulations or case law mandates a result where an unappealed order of removal from an IJ based on a petitioner's own concession of removability loses its legal force because the petitioner appealed a separate holding by the IJ. Accordingly, we hold that the IJ's order of removal based on Ako's overstay is final and valid, and that Ako's petition for review therefore is moot.

We emphasize that in finding Ako's petition for review to be moot, we do not address his other arguments and take no position on the BIA's ruling on the sham marriage issue.

## III. CONCLUSION

For the foregoing reasons, we DISMISS Ako's petition for review as moot.